a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JERMAINE CLARK #578450,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-03996<br>SEC P |
| VERSUS | JUDGE DRELL |
| SHERIFFS DEPT LASALLE PARISH,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by *pro se* Plaintiff Jermaine Clark ("Clark"). Clark is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the LaSalle Correctional Center in Olla, Louisiana. Clark claims that his constitutional rights were violated by the LaSalle Parish Sheriff's Department when Clark was attacked by another inmate in its custody.

Because additional information is necessary to support Clark's claim, he must AMEND his Complaint.

I. Background

Clark alleges that he was attacked by an inmate at LaSalle Correctional Center, resulting in a broken jaw that required surgical repair. ECF No. 1 at 3.

II. Law and Analysis

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." The Rule 8 pleading standard does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Clark names the LaSalle Parish Sheriff's Department as the sole Defendant. In Louisiana, the parish sheriff's departments are not legal entities capable of being sued. *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002); *Hite v. Terrebonne Parish Criminal Justice Complex*, No. 16-CV-13828, 2016 WL 6892810, at *3 (E.D. La. Oct. 24, 2016), *report and recommendation adopted*, 2016 WL 6876660 (E.D. La. 2016); *Ruggierv. Litchfield*, 700 F. Supp. 863, 865 (M.D. La.1988); *see also* Fed. R. Civ. P. 17(b); La. Civ. Code art. 24. Therefore, Clark must amend his Complaint to name a proper defendant or defendants. Clark should provide the name(s) of each person who allegedly violated his constitutional rights and a description of what each defendant did to violate Clark's rights.

To the extent Clark claims that any individual failed to protect him from an attack by another inmate, he must plead additional information. Although prison officials have a constitutional duty to protect prisoners from violence at the hands of fellow inmates, prison officials are not expected to prevent all inmate-on-inmate violence. *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 834 (1994). Prison officials can be held liable for their failure to protect an inmate only when they are

deliberately indifferent to a substantial risk of serious harm. *See id.* A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. *Id.* at 837. A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists"; and (2) he "draw[s] the inference." *Id.* In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk. *Id.* at 839-40.

If Clark amends to name a proper defendant, he must also explain how the defendant acted with deliberate indifference and failed to protect him. Clark should provide facts indicating whether the named defendant had knowledge that Clark faced a substantial risk of harm by the offender that attacked him, and provide facts to support that claim.

### III. Conclusion

Because Clark must provide additional information to support his claim, IT IS ORDERED that Clark amend his Complaint as instructed within 30 days of the filing of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

SIGNED on Tuesday, December 14, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE