a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JERMAINE CLARK #578450,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-03996<br>SEC P |
| VERSUS | JUDGE DRELL |
| SHERIFFS DEPT LASALLE PARISH,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by *pro se* Plaintiff Jermaine Clark ("Clark"). Clark is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the River Bend Detention Center in Lake Providence, Louisiana. Clark claims that he was attacked by another inmate at the LaSalle Correctional Center.

Because Clark must provide additional allegations to state a viable claim against Defendants, he must AMEND his Complaint.

I. Background

Clark alleges that Defendants failed to protect him from an attack by another inmate. Specifically, Clark states that he notified Lt. Poole, Sgt. Amisworth, and Deputy Esters of a violent inmate in his dorm and asked to be moved to another dorm. ECF No. 6 at 1. Clark was not moved before the "violent inmate" attacked him with a padlock inside of a sock. *Id.* The three officers brought Clark to the medical

1

department, and he was transported to the hospital. *Id.* Clark states that his jaw was broken and required surgical repair. ECF No. 1 at 3.

## II. Law and Analysis

Although prison officials have a constitutional duty to protect prisoners from violence at the hands of fellow inmates, prison officials are not expected to prevent all inmate-on-inmate violence. *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 834 (1994). Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. *See id.* A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. *Id.* at 837. A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists"; and (2) he "draw[s] the inference." *Id.* In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk. *Id.* at 839-40.

In his Amended Complaint (ECF No. 6), Clark states that he informed three officers that there was a "violent inmate" in the dorm. To state a claim of deliberate indifference, Clark must provide more information such as:

1. whether he gave the name of the "violent inmate" to the officers before the attack;

2. whether he informed each of the three officers verbally or in writing;

3. how each officer responded to Clark's request to be moved; and

4. how long after he informed the officers about the "violent inmate" he was attacked—i.e., minutes, hours, days, weeks, or months later.

### III. Conclusion

Because Clark must provide additional information to state a viable claim, IT IS ORDERED that he AMEND the Complaint as instructed within 30 days of the filing of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

SIGNED on Tuesday, January 25, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3